Meter, J.
(concurring.) I concur in the majority’s analysis but write separately to state that the appropriate remedy, in my opinion, is to remand this case for a possible trial (at the prosecutor’s discretion) to allow a factfinder to determine if defendant possessed or consumed alcohol, as we have now defined those terms, in Michigan.
The district and circuit courts assumed, for purposes of the motion to dismiss filed by defendant, that defendant consumed alcohol in Canada. However, nowhere in the record do I find an unequivocal *12 concession by the prosecutor,[1] or a determination by a lower court, that defendant did, as a matter of fact, possess and consume alcohol solely outside Michigan’s borders. Given defendant’s intoxicated condition when observed within this state, as well as his statement that he earlier had attended a party in Michigan, there remains a question of fact regarding whether defendant consumed or possessed alcohol within this state in violation of MCL 436.1703(1). Instead of dismissing the charge against defendant, I would remand this case and allow the prosecutor, in her discretion, to proceed against defendant for a violation of MCL 436.1703(1).

 I acknowledge that in her appellate brief, the prosecutor states that she “concurs with the basic information set forth in the Appellant’s Statement of Facts.” Defendant’s statement of facts, however, merely summarizes the testimony given at the hearing on the motion to dismiss. By concurring with defendant’s statement of facts, the prosecutor is merely agreeing that on appeal, defendant summarized the testimony correctly; the prosecutor is not conceding the truth of defendant’s testimony at the hearing that he did not consume alcohol in Michigan on the night in question. Indeed, defendant’s truthfulness in general was subject to question. The arresting officer testified that defendant originally told the police that he had been at a party in the United States and that he had not been drinking, yet his breath test resulted in a reading of 0.118 grams of alcohol per 210 liters of breath. Subsequently, defendant testified that he lied to the police and that he had in fact been drinking, but that the drinking occurred in Canada